IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAIG SMITH,

      Petitioner,                    No. CIV-S-09-3247 KJM P

   vs.

MATTHEW CATE,                   ORDER AND

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma paupers affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        Under Rule 4 of the Rules Governing Section 2254 cases, the court must examine petitioner's habeas petition and dismiss it if it plainly appears petitioner is not entitled to relief. The court has reviewed petitioner's habeas petition and concluded that it is plainly apparent that petitioner is not entitled to relief.

/////

Petitioner asserts the trial court should have suppressed certain evidence as a remedy for a violation of his Fourth Amendment rights. However, this claim is precluded by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). In Stone, the Court held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Id. at 482. Furthermore, the Ninth Circuit has found that "[t]he relevant inquiry [in Fourth Amendment claims] is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner does not claim he did not have a full and fair opportunity to litigate his Fourth Amendment claim in California's courts nor does the record reveal that such is the case.

Furthermore, petitioner pled guilty after the denial of his motion to suppress. When a criminal defendant has admitted in court that he is in fact guilty of the offense with which he is charged, he may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He generally may only attack the voluntary and intelligent character of the guilty plea. United States v. Cortez, 973 F.2d 764, 766 (9th Cir. 1992).

For these reasons, the court will recommend petitioner's application for writ of habeas corpus be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This case be closed.

2

1 These findings and recommendations are submitted to a United States District
2 Court Judge pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after
3 being served with these findings and recommendations, petitioner may file written objections
4 with the court.  Such a document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).

DATED:  April 27, 2010.

_____
U.S. MAGISTRATE JUDGE

1
smit4268.dis(11.23.09)

3